1  PHILLIP A. TALBERT
United States Attorney
2  JUSTIN J. GILIO
Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
Fresno, CA 93721
4  Telephone:  (559) 497-4000
Facsimile:   (559) 497-4099
5

6  Attorneys for Plaintiff
United States of America
7

8

9                         IN THE UNITED STATES DISTRICT COURT

10                         EASTERN DISTRICT OF CALIFORNIA

11  UNITED STATES OF AMERICA,                    CASE NO.  1:23-CR-00052-ADA-BAM

12                              Plaintiff,        STIPULATION REGARDING EXCLUDABLE
                                                 TIME PERIODS UNDER SPEEDY TRIAL ACT;
13                   v.                           ORDER

14  GENEVRA WINTON ET AL.,                        DATE: May 10, 2023
                                                 TIME: 1:00 p.m.
15                              Defendants.       COURT: Hon. Barbara A. McAuliffe

16

17        This case is set for a status conference on May 10, 2023.  This Court has issued a series of

18  General Orders to address public health concerns related to COVID-19, to suspend jury trials in the

19  Eastern District of California, including recently, General Order 628, and many related previous and

20  subsequent general orders pertaining to the pandemic and procedures put in place to limit community

21  spread.

22        Although the General Orders address the district-wide health concern, the Supreme Court has

23  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

24  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

25  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

26  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

27  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

28  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

1   or in writing").

2       Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

3   and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

4   continuances are excludable only if "the judge granted such continuance on the basis of his findings that

5   the ends of justice served by taking such action outweigh the best interest of the public and the

6   defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

7   "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

8   ends of justice served by the granting of such continuance outweigh the best interests of the public and

9   the defendant in a speedy trial."  *Id.*

10      The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

11  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

12  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

13  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

14  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

15  recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

16  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

17  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

18  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

19      In light of the societal context created by the foregoing, this Court should consider the following

20  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

21  justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date

22  for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

23  pretrial continuance must be "specifically limited in time").

**STIPULATION**

25      Plaintiff United States of America, by and through its counsel of record, and defendant, by and

26  through defendant's counsel of record, hereby stipulate as follows:

27

28  _____
        [1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME                    2
PERIODS UNDER SPEEDY TRIAL ACT

1      1.        By previous order, this matter was set for status on May 10, 2023.

2      2.        By this stipulation, defendants now move to continue the status conference until

3 September 13, 2023, at 1:00 P.M. and to exclude time between May 10, 2023, and September 13, 2023,

4 inclusive, under Local Code T4.

5      3.        The parties agree and stipulate, and request that the Court find the following:

6            a)       The discovery associated with this case is voluminous and includes investigative

7 reports, photographs and videos, as well as surveillance videos, and large cellular phone

8 extractions, and large amounts of cellular telephone precise location data. All this discovery has

9 been either produced directly to counsel and/or made available for inspection and copying.

10           b)       Counsel for defendant desires additional time to consult with his/her client,

11 conduct investigation, review the voluminous discovery, and prepare for a possible trial.

12           c)       Counsel for defendant believes that failure to grant the above-requested

13 continuance would deny him/her the reasonable time necessary for effective preparation, taking

14 into account the exercise of due diligence.

15           d)       The government does not object to the continuance.

16           e)       Based on the above-stated findings, the ends of justice served by continuing the

17 case as requested outweigh the interest of the public and the defendant in a trial within the

18 original date prescribed by the Speedy Trial Act.

19           f)       For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

20 et seq., within which trial must commence, the time period of May 10, 2023 to September 13,

21 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

22 T4] because the continuance results from a continuance granted by the Court at defendant's

23 request on the basis of the Court's finding that the ends of justice served by taking such action

24 outweigh the best interest of the public and the defendant in a speedy trial.

25      4.        Nothing in this stipulation and order shall preclude a finding that other provisions of the

26 Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

27 must commence.

28      IT IS SO STIPULATED.

STIPULATION REGARDING EXCLUDABLE TIME    3
PERIODS UNDER SPEEDY TRIAL ACT

1

2

3    Dated:  May 1, 2023                          PHILLIP A. TALBERT
                                                   United States Attorney
4
                                                   /s/ Justin J. Gilio
5                                                  JUSTIN J. GILIO
                                                   Assistant United States Attorney
6

7
8    Dated:  May 1, 2023                          /s/ Griffin Estes
                                                   Griffin Estes
9                                                  Counsel for Defendant
                                                   Genevra Winton
10

11   Dated:  May 1, 2023                          /s/ Galatea DeLapp
                                                   Galatea DeLapp
12                                                 Counsel for Defendant
                                                   Shannon Bargas
13

14

15                                    **ORDER**

16      IT IS SO ORDERED that the status conference is continued from May 10, 2023, to **September

17   13, 2023, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to

18   18 U.S.C.§ 3161(h)(7)(A), B(iv).

19   IT IS SO ORDERED.

20      Dated:   **May 2, 2023**                   /s/ Barbara A. McAuliffe

21                                                 UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME          4
PERIODS UNDER SPEEDY TRIAL ACT